**E-FILED**
Monday, 30 June, 2008  04:07:27 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 99-20030** |
| | ) | |
| CHRISTOPHER STRADER, | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

On January 7, 2000, a sentencing hearing was held and Defendant, Christopher Strader, was sentenced to a term of 120 months' imprisonment for the offense of possession with the intent to distribute cocaine base ("crack"). On March 6, 2008, Defendant filed a pro se Motion to Reduce Sentence (#15) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On March 7, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On April 16, 2008, Jonathan E. Hawley of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#16). In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction because he was sentenced to a statutory mandatory minimum sentence and this court could therefore not impose a sentence lower than originally imposed regardless of the amendment to the crack cocaine guideline. Defendant's counsel therefore asked to be allowed to withdraw as counsel and asked that Defendant be allowed to proceed pro se.

On April 21, 2008, this court entered an Order (#17). This court noted that a reduction in sentence cannot be granted where the amendment does not have the effect of lowering the Defendant's applicable guideline range because he was sentenced to the statutory mandatory minimum. This court

then granted Defendant's counsel's motion to withdraw and allowed Defendant to pursue the matter pro se.  This court allowed Defendant 30 days to file a pleading that either (a) concedes that the amendment does not apply because he was sentenced to the statutory mandatory minimum, or (b) explains why the amendment applies in spite of the fact that he was sentenced to the statutory mandatory minimum.

More than 30 days have passed and Defendant has not filed a response to this court's order. This court has carefully reviewed the record in this case and agrees with Defendant's counsel that, because Defendant was sentenced to the statutory mandatory minimum, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#15) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 30th day of June, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

2